IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ABEL ISAAC HERNANDEZ,

Petitioner,

vs.

WARDEN OF LINCOLN COUNTY JAIL, et al.,

Respondents.

8:26-CV-717

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court will conditionally grant the petition.

The petitioner is a citizen of El Salvador who was detained by the Border Patrol as an sixteen-year-old unaccompanied minor ("UAC") near Brownsville, Texas on May 20, 2023. Filing 7 at 2; *see* filing 1 at 14. He was served with a notice to appear, although that notice was not filed with the immigration court. Filing 1 at 11-12; filing 10 at 2. He was placed at a shelter in Chicago until June 17, when he was released to his aunt in Lexington, Nebraska. Filing 1 at 10; filing 10 at 2. On December 20, he was issued another notice to appear and placed in removal proceedings. Filing 1 at 13; filing 10 at 2.

On September 15, 2026, the petitioner was picked up by ICE in the Phelps County Jail after he had been arrested on state charges. Filing 10 at 2.[1]

[1] The charges were "Fraud-Impersonation and No Operators License," *see* filing 10 at 2; the Court's somewhat-educated guess is that he may have had a fake driver's license. In any event, the charges were later dropped. Filing 10 at 2.

He was issued a notice to appear and remains in custody. Filing 10 at 2-3; filing 10-1; filing 10-2. He has since made an asylum claim. Filing 10 at 3.

The government's primary argument is that the petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to § 1225(b)(2)(A). *See* filing 5 at 4-7 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The Court disagrees. As this Court has previously explained,

> It's true that the petitioner is no longer a "UAC," and is not covered by the particular procedural protections that apply to that group of noncitizens. *See* 6 U.S.C. § 279(g)(2); 8 C.F.R. § 236.3(d)(2). However, when ICE released the petitioner, that release was not conditioned on him remaining a child. While the petitioner was not released "on his own recognizance," *see* § 279(b)(2)(B), the circumstances are analogous, and the petitioner was effectively subject to conditional parole.

*Ixquiactap-Ajpacaja v. Mullin*, No. 4:26-CV-3143, 2026 WL 1295702, at *1 (D. Neb. May 12, 2026) (citation omitted). As a result, the petitioner has a due process right to a post-deprivation opportunity to challenge his detention. *Id.* at *1 (citing *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)). Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before December 4, 2026**.

3. The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release.

4. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

5. **On or before December 9, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 23rd day of November, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge